UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: RICHARD MILLS, | **No. 1:17-mc-00018-MAT** |
|  | **ANTI-FILING INJUNCTION ORDER** |
| Respondent. |  |

## I. Introduction

Richard Mills ("Respondent") has been a prolific litigator in this Court since 2001, when he was a pre-trial detainee in Genesee County on the criminal charges that eventually led to his conviction and current incarceration. On April 13, 2017, the Court ordered Respondent to show cause within ten (10) days as to why he should not be permanently enjoined from filing future cases in this District pro se or without permission from the Chief Judge or the Chief Judge's designee. (Docket No. 1).

Plaintiff filed a Response on April 15, 2017 (Docket No. 2), which was within the 10-day deadline. He then filed an Affidavit on May 5, 2017 (Docket No. 3). Because the Affidavit was not timely filed, and because Respondent never sought an extension of time, the Court declines to consider the Affidavit (Docket No. 3).[1]

For the reasons discussed below, Respondent has failed to provide sufficient justification for continued filing of vexatious

---

[1] On December 18, 2017, the District Court Clerk's Office in Buffalo received yet another new complaint from Respondent, who again asserts that he is entitled to proceed in forma pauperis. Because Respondent's latest complaint was received by the Court prior to its issuance of the instant anti-filing injunction order, the Court will not subject it to the screening conditions set forth herein, but instead will follow the usual procedure of screening it pursuant to the PLRA.

and frivolous documents and pleadings. Moreover, while the instant matter relating to Respondent's filing status has been pending, he instituted a new habeas proceeding pursuant to 28 U.S.C. § 2241 on December 18, 2017, reiterating claims that already have been dismissed by this Court as utterly baseless and naming the undersigned as one of the respondents. <u>Mills v. Noonan, et al.</u>, 6:18-cv-06007-MAT (W.D.N.Y.). Fortunately, he voluntarily withdrew the petition in January 2018. However, Respondent recently deluged the Court with identical 229-page combined motions to vacate and to amend the petition or complaint in three of his closed cases, along with six volumes of exhibits, some of which had to be filed manually because they are so voluminous. <u>E.g.</u>, Docket Nos. 24-27, 29, & 31 in <u>Mills v. Noonan, et al.</u>, 1:16-cv-00984(MAT) (W.D.N.Y.). These motions reprise the same claims of conspiracy, corruption and nepotism in Genesee County that this Court has repeatedly determined lack any arguable basis in law or fact. In addition, Respondent now accuses the undersigned and "other senior judges of this court" of being disqualified under 28 U.S.C. § 455; of committing mail fraud, wire fraud, and perjury; of "covering up" the conspiracy.

For the reasons discussed below, no lesser sanction than an anti-filing injunction will be sufficient to deter Respondent from abusing the Court system in order to pursue his deluded vendetta against the trial judge who convicted and sentenced him. Therefore,

Respondent is permanently enjoining from filing any document or pleading of any kind pro se in the Western District of New York without leave of the Chief Judge or the Chief Judge's designee.

**II. Discussion**

    **A. Requirements for Imposing Sanctions on Litigants**

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996). The Second Circuit has recognized that "[i]f a litigant has a history of filing '"vexatious, harassing or duplicative lawsuits,"' courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (quoting Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 20095); further quotation omitted).

Before imposing anti-filing sanctions against a vexatious litigant, district courts must provide notice and an opportunity to be heard, see Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998), which the Court has done. Once notice has been given, district courts are instructed to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts

-3-

and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw, 396 F.3d at 528 (citation omitted).

**B. The Relevant Factors Overwhelmingly Favor an Anti-Filing Injunction**

**1. Respondent Has a Lengthy History of Vexatious, Harassing and Duplicative Lawsuits**

**a. Litigation History in This Court**

First, Respondent has a sixteen-year history as an unrepentant serial filer of vexatious, harassing and duplicative lawsuits in this District. A review of this District's Case Management and Electronic Case Filing System ("CM/ECF") reveals that since 2001, Plaintiff has filed twelve civil actions and five petitions for writs of habeas corpus in this Court. At least four of the civil complaints were dismissed prior to service on various grounds, including "strike reasons"[2] or that the claims were barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). See Mills v. Noonan, et al., 1:04-cv-00142-MAT (W.D.N.Y.); Mills v. Genesee County, et al., 1:04-cv-00989-MAT (W.D.N.Y.); Mills v. Appellate Division Fourth Department, et al., 1:05-cv-00612-MAT (W.D.N.Y.); Mills v. New York State, et al., 1:15-cv-00280-MAT (W.D.N.Y.).

---

[2] The Prison Litigation Reform Act's so-called "three strikes rule" provides that "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is [1] frivolous, [2] malicious, or [3] fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

-4-

As to the petitions for writs of habeas corpus brought under 28 U.S.C. § 2254, three of the five petitions were dismissed because they were premature, the claims raised in the petitions were unexhausted, or the petitions themselves were improper "second or successive" petitions. See Mills v. Superintendent of Cayuga Correctional Facility, 1:05-cv-00012-RJA (W.D.N.Y.); Mills v. T. Poole, et al., 1:05-cv-00765-RJA (W.D.N.Y.); Mills v. Superintendent John B. Lempke, et al., 1:08-cv-00776-RJA (W.D.N.Y.). Two of the habeas petitions were denied on the merits. See Mills v. Superintendent T. Poole, 1:06-cv-00842-MAT-VEB (W.D.N.Y.); Mills v. John B. Lempke, et al., 1:11-cv-00440-MAT-HKS (W.D.N.Y.). Respondent's appeals to the United States Court of Appeals for the Second Circuit were dismissed.

Although three of the civil actions were settled on January 21, 2010, by U.S. Magistrate Judge Jeremiah McCarthy,[3] Plaintiff subsequently filed an action to vacate those settlements. Mills v. Genesee Cty., 1:11-cv-00383 (W.D.N.Y.). Mills alleged, inter alia, that the Genesee County defendants breached the terms of the settlement agreement because they allegedly informed his former wife that he "received a sum of money, who the parties were, the particulars of a contract/settlement, and. . .[his] private affairs." Mills v. Genesee Cty., No. 1:11-CV-00383-MAT, 2016 WL

---

[3] Mills v. Genesee Sheriff Dept., et al., 1:03-cv-00196-MAT (W.D.N.Y); Mills v. Luplow, et al., 1:04-cv-00005-MAT (W.D.N.Y.); Mills v. Bryan, et al., 1:06-cv-00751-MAT (W.D.N.Y.).

6037982, at *1 (W.D.N.Y. Oct. 14, 2016). Mills' wife subsequently produced a letter she had received from him indicating that "he did get a settlement but it is confidential and [he] [is] not to talk about it for any reason." Mills, however, repeatedly denied that he authored or sent the letter which his wife attributed to him and accused the Genesee County defendants of fabricating it. Id. After the Genesee County defendants moved for sanctions pursuant to Fed. R. Civ. P. 11, Judge McCarthy held a hearing at which Mills and four other witnesses testified. Id. Judge McCarthy found by clear and convincing evidence that Mills had lied and recommended that the complaint be dismissed on the merits as a sanction under Fed. R. Civ. P. 11(c); this recommendation was adopted by the Court (Arcara, D.J.) on January 8, 2014.

On April 13, 2017, this Court dismissed Respondent's complaint in Mills v. Noonan, et al., 1:16-cv-00984-MAT (W.D.N.Y.) because, inter alia, the claims lacked an arguable basis in fact or law, or were barred by the Heck doctrine; the allegations failed to state a claim upon which relief could be granted; and various defendants were entitled to immunity. In this particular complaint, Respondent reasserted claims that he had presented in duplicative motions to vacate in *each* of his previous actions last year, and which this Court found to be utterly baseless.

### b. The Second Circuit's Leave-To-File Sanction

In July of 2017, the Second Circuit "warned [Mills] that 'the

continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require [him] to obtain permission from this Court prior to filing any further submissions in this Court (a 'leave-to-file' sanction).'" <u>Mills v. Superintendent T. Poole</u>, 17-1588, Docket No. 77 (2d Cir.) (quoting 2d Cir. 17-1191, Docket No. 43; 16-3757, Docket No. 43; 16-3730, Docket No. 38; 14-3823, Docket No. 42; 14-3759, Docket No. 33; 13-523, Docket No. 40; 10-1886, Docket No. 45); <u>see</u> <u>also</u> <u>Mills v. John B. Lempke, et al.</u>, 17-1614 (2d Cir.) (same).

In January 2018, the Second Circuit denied Respondent's motions for a certificate of appealability, <u>in</u> <u>forma</u> <u>pauperis</u> status, and appointment of counsel, and ordered him to show cause why a leave-to-file sanction should not be imposed. <u>Mills v. Superintendent T. Poole</u>, 17-1588, Docket No. 58 (2d Cir.); <u>Mills v. John B. Lempke, et al.</u>, 17-1614, Docket No. 73 (2d Cir.). In an order dated March 23, 2018, the Second Circuit rejected Respondent's attempt to show cause, which consisted of his assertions that members of the panel were biased against him, that the denial of his motions was erroneous, and that his litigation conduct did not warrant the imposition of a sanction. The Circuit also denied his request for panel rehearing and the recusal of the panel members. Finally, the Circuit ordered the Clerk of the Court to refuse to accept for filing from Mills any future appeal,

motion, or other paper in that court unless he first obtained leave to file. Mills v. Superintendent T. Poole, 17-1588, Docket No. 77 (2d Cir.).

### 2. Respondent Cannot Reasonably Believe He Will Prevail on His Claims

Second, at this point in time, based on the litigation history recounted above, Respondent cannot possibly have an objective, good-faith expectation of prevailing on any of his claims. In his Reply to the Order to Show Cause, Plaintiff asserts that the undersigned's initiation of this anti-filing proceeding is merely to avoid ruling on a duplicative Rule 60(b) motion in one of Plaintiff's previously dismissed cases, that will allegedly demonstrate that the County Court Judge who convicted and sentenced him over a decade ago is not who he says he is but has been operating under an assumed name. Plaintiff also accuses the undersigned of being in cahoots with this County Court Judge, as well as with numerous other elected and appointed officials in Genesee County whom Plaintiff has accused of a vast conspiracy against him. These assertions and arguments presented have been presented to the Court multiple times in Respondent's other lawsuits as grounds for vacating his conviction and overturning his sentence. Each time, Respondent has been told that they are factually and legally "groundless, without foundation, and without merit," In re Drexel Burnham Lambert Group, 995 F.2d 1138, 1147 (2d Cir. 1993). In short, they are frivolous by definition. Respondent

therefore cannot have an objective, good-faith basis that his claims are possibly colorable, let alone actually meritorious.

### 3. Respondent's Pro Se Status Weighs Minimally in His Favor

Third, the Court acknowledges that Respondent is unrepresented. Notwithstanding his lack of formal training, he is an intelligent, canny litigator who is skilled in navigating the legal system. Furthermore, Respondent has begun acting as a "jailhouse lawyer" for some of his fellow inmates and is using their lawsuits as a vehicle to advance his deluded and paranoid conspiracy theories. See, e.g., Propst v. Sup't Colvin, 1:18-cv-00878-MAT (W.D.N.Y. Apr. 11, 2019), Decision & Order at 12 (rejecting as meritless claims by habeas petitioner that former Genesee County Court Judge Robert Noonan was disqualified based on his alleged family relations to Randolph Zickl, Robert Zickl, and William Zickl and business relations to Lawrence Friedman, the Genesee County District Attorney; as the State court found, these claims were based on a fictitious family tree invented for Judge Noonan by Richard Mills, a fellow inmate). While the fact that Respondent is pro se weighs minimally in his favor, it cannot overcome the overwhelming weight of the factors counting against him.

### 4. Respondent's Endless Filings Are Unduly Burdensome on the Court and Opposing Parties

Fourth, Plaintiff's vexatious litigation tactics have caused

needless expense to the various opposing parties. Plaintiff's duplicative and frivolous lawsuits have bogged down the Court for over a decade, and they continue to place unnecessary burdens upon the Court and its personnel. This factor weighs heavily against Respondent.

### 5. No Other Sanctions Are Adequate to Deter Respondent

Fifth, the Court has considered whether other sanctions would be adequate to protect the other parties and judicial resources. It is by now apparent to this Court that Respondent is constitutionally incapable of accepting that his contentions lack any arguable basis in law or fact. In short, Respondent simply will not be deterred by anything other than a bar against future filing.

## III. Conclusion and Orders

For the foregoing reasons, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any further document or pleading pro se in the Western District of New York without leave of the Chief Judge or the Chief Judge's designee. It is further

**ORDERED** that the Clerk of Court shall maintain the current miscellaneous file (1:17-mc-00018) with the general title "In Re: Richard Mills." Unless otherwise ordered by the Chief Judge or the Chief Judge's designee, this file shall serve as the repository of all orders relating to Respondent in this District, documents submitted under the filing procedures set forth herein, any order

entered pursuant thereto, and any document or pleading of any kind, whether rejected or not, submitted pro se by Respondent. The Clerk of Court shall continue to maintain on the Court's CM/ECF system a docket sheet associated with this case number and shall list all documents filed therein. It is further

**ORDERED** that, before initiating any pro se action in this District or filing a document of any kind with the Court, Respondent must first obtain permission from the Chief Judge or the Chief Judge's designee. To do so, Respondent must submit to the Court three documents in the form described below:

> (1) a petition requesting leave to file, which shall be entitled "Petition Pursuant to Anti-Filing Order Seeking Leave to File," and shall contain the assigned miscellaneous file number (1:17-mc-00018) in the caption;
>
> (2) an affidavit; and
>
> (3) a copy of the document or pleading sought to be filed. It is further

**ORDERED** that any petition requesting leave to file must contain the following information:

> (1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or other legal proceeding involving Respondent, and if so, in what

capacity;

(2) a list of all lawsuits in the United States District Court for the Western District of New York, United States Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition; (3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any, including (a) the name, case number and

citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter. It is further

**ORDERED** that Respondent shall also submit with the above petition an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the complaint, petition, or claim Respondent wishes to present, or the relief he seeks, has never before been raised by him and disposed of by any federal or state court and is not, to the best of his knowledge, barred by collateral estoppel or res judicata; (2) that (a) to the best of his knowledge the claim is not frivolous or taken in bad faith; (b) is well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of such existing law: and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment; (3) that the claim is not meant to harass any judicial officer, attorney, individual, organization or

entity; and (4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and papers filed with the Court, and will provide the Court with acceptable proof that such service was made. It is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the complaint and any other documents to be filed with the Court. The complaint shall conform with the requirements of this Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Civil Procedure. It is further

**ORDERED** that, upon filing of the Petition Pursuant to Anti-Filing Order Seeking Leave to File, the Clerk of Court or the Clerk's designated deputy shall docket the documents in the miscellaneous case and in accordance with the rules, and immediately forward them to the Chief Judge or the Chief Judge's designee for review. It is further

**ORDERED** that, if the Petition Pursuant to Anti-Filing Order Seeking Leave to File includes a pleading of any kind, the Clerk of Court or the Clerk's designated deputy SHALL STAY the case and SHALL NOT issue any summonses until directed to do so by the Chief Judge or the Chief Judge's designee. It is further

**ORDERED** that the following is a non-exhaustive list of the

factors the Chief Judge or the Chief Judge's designee will consider the following in determining whether leave to file should be granted:

(1) whether Respondent has complied with the procedures set forth in this Order in all particulars;

(2) whether Respondent's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice; (3) whether the complaint is frivolous, abusive, harassing or malicious; (4) whether the claims raised in the complaint have been adjudicated previously by any state or federal court; (5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11; (6) whether Respondent's proposed pleadings and filings would give rise to liability under 28 U.S.C. § 1927 regarding unreasonable and vexatious multiple filings; (7) whether the complaint alleges claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and (8) whether the complaint meets such other reasonable requirements established by the Court. It is further

**ORDERED** that Respondent's failure to comply with any of the procedures and principles set forth in this Order shall be grounds for denying the Petition Pursuant to Anti-Filing Order Seeking Leave to File without further review. It is further

**ORDERED** that false or misleading recitals by Respondent in the petition or proposed complaint shall be grounds for denial and may subject Respondent to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, or the Court's inherent power to sanction a litigant for bad faith conduct or for disobeying court orders. It is further

**ORDERED** that Respondent is advised that nothing in this Order (a) hinders his ability to defend himself in any criminal action brought against him, (b) limits his access to any court other than the Western District of New York, or (c) affects his rights in any of his currently pending actions in state or federal court. It is further

**CERTIFIED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and leave to appeal in forma pauperis is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**s/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: June 4, 2019
Rochester, New York.